IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JO ANN ANDERSON                    *
    Plaintiff,
v.                                 *    CIVIL ACTION NO. DKC-13-3572

UNITED STATES POSTAL SERVICE       *
    Defendant.
                    *****

## MEMORANDUM OPINION

On November 25, 2013, the Court received for filing this self-represented Complaint submitted by Jo Ann Anderson ("Anderson"), a resident of New Carrollton, Maryland. Anderson complains about the mail process and fees the United States Postal Service ("USPS') has imposed on her. She claims that her mailbox was tampered with and her mail was held at a local post office for her to pick up, but she was informed that that she could no longer have her mail held and she must pay $25.00 to have her "cluster mailbox" repaired.[1] (ECF No. 1). Anderson asserts that she informed postal personnel that she could not afford the fee and claims that her mail problems have not been resolved and she only receives her mail intermittently.[2] She accuses the USPS of negligence and seeks $1,000,000.00 in compensatory damages. Because she appears indigent, Anderson's Motion for Leave to Proceed In Forma Pauperis shall be granted. For reasons to follow, however, the Complaint shall be dismissed for the failure to state a claim.

---

[1] Anderson seemingly claims that a broken key was found in the lock of her cluster mailbox and the police have acknowledged that a key is broken in the lock and that informed her she "may or may not have done it." She claims that although she has a slight hearing impairment, she would have heard the key breaking in the lock.

[2] Anderson further claims that she is disabled, there is no public restroom at a USPS customer service location in Washington D.C., and she has been forced to urinate on the sidewalk outside that USPS location. (ECF No. 1 at p. 3).

Under the Postal Reorganization Act, the Federal Tort Claims Act ("FCTA") applies to "tort claims arising out of activities of the Postal Service." *See* 39 U.S.C. § 409(c) ("The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service."). In turn, the FTCA waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of governmental employees while acting in the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). As such, the United States can be held liable "in the same manner and to the same extent as a private individual under like circumstances." *Id.* § 2674. Excluded from this waiver of immunity, however, are claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The United States may not be held liable for claims related to the loss or miscarriage of mail, even if the mail was lost because a postal service employee negligently performed his or her duties, as Anderson alleges here. *See Dolan v. United States Postal Service,* 546 U.S. 481, 487 (2006) ("[T]he United States may be liable if postal employees commit torts under local law, but not for claims defined by [28 U.S.C. § 2860(b) ].").

The court therefore observes that the USPS is immune from liability for any claim arising out of the negligent transmission of mail. The FTCA bars "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Therefore, even if the court construes Anderson's allegations to state a claim for negligence, the USPS is not subject to liability. *See Rider v. United States Postal Serv.,* 862 F.2d 239, 242 (9th Cir. 1988). The court finds that the instant matter is subject to dismissal. A separate Order follows.

Date: __December 2, 2013__                      /s/
                                                       DEBORAH K. CHASANOW
                                                       United States District Judge